IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| L.J. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-331-N |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On November 25, 2009, the parties filed a joint motion for waiver of oral argument. (Doc. 18)[1] Thereafter, on December 10, 2009, the parties filed a consent to jurisdiction by a United States Magistrate Judge. (Doc. 21) On January 5, 2010, this action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 22) Upon review of the briefs of the parties and the record as a whole, the undersigned finds that this appeal is due to be and is hereby DENIED.

Legal Standard

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. Specifically, judicial review of the administrative decision is limited to three questions: (1) whether the proper legal standards were applied; (2) whether there

---

[1] On November 30, 2009 the parties filed an "Amended Motion for Waiver of Oral Argument" (doc. 20) which corrects a clerical error in the style of the case. No other substantive change is apparent.

was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues. Washington v. Astrue, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); Fields v. Harris, 498 F.Supp. 478, 488 (N.D.Ga.1980). This Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir.1997); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir.1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir.1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir.1987); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir.1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir.1983). "Substantial evidence" means more than a scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be enough to justify a refusal to direct a verdict were the case before a jury. Richardson v. Perales, 402 U.S. 389 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir.1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir.1991). In contrast, review of the ALJ's application of legal principles is plenary. Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir.1995); Walker, 826 F.2d at

999.

## Facts

Plaintiff, L.J. Jackson, was born on September 6, 1955. He claims that he became disabled on or about March 15, 2005. He has not engaged in substantial gainful employment since that time. His past relevant work includes employment as a truck driver and a farm hand.

On June 29, 2005, Mr. Jackson was seen by James Colley, M.D., for a consultive examination at the request of the state agency. At that time, Claimant complained of pain in his right knee, lower back, and arthritis of the shoulders. He reported that he smoked one-half pack of cigarettes daily and drank a pint of alcohol per day. He weighed 284 pounds, his blood pressure was 200/114 and his pulse was 104. Examination of his back revealed some mild diffuse tenderness, some limited range of motion, a normal lordotic curve without paraveterbral muscle spasms, and negative straight leg raising. Examination of his shoulders reveled some pain with motion, but good range of motion without crepitus. Examination of his knees revealed good bilateral range of motion, but moderate pain on range of motion of the right knee, and some tenderness on the medial aspect of the right knee. Neurological examination revealed normal strength of the upper and lower extremities, normal grip strength, normal sensation, and good muscle bulk and tone. X-rays of the lumbar spine and knees were normal. Dr. Colley assessed moderate degenerative joint disease of the right knee, mild osteoarthritis of the left knee, mild degenerative disc disease of the lumbosacral spine, obesity, untreated hypertension, and mild osteoarthritis of the shoulders. He also completed a Medical Source Statement and

determined that Plaintiff could stand/walk 4 to 6 hours in an eight-hour workday taking breaks every 30 to 45 minutes; sit for about six hours taking routine breaks; and occasionally lift 20 pounds and frequently lift 10 pounds.

Claimant's next medical records in the Social Security file are dated January 5, 2007. Claimant sought treatment from the Rural Health Medical Program ("RHMP") for pain in his knees, shoulders, and hands. His weight was 266 pounds, his blood pressure 190/102, and his pulse was 68. The physical examination and blood tests were normal. He was diagnosed with hypertension and osteoarthritis. No limitations were assessed to his physical abilities, and he was prescribed no pain medication.

On April 17, 2007, claimant returned to the RHMP with complaints of left knee pain, and needing a refill on his blood pressure medication. His weight was 275 pounds, his blood pressure was 178/110, and his pulse was 66. No limitations were assessed and no pain medication prescribed.

On September 26, 2007, claimant saw Glenton Davis, M.D., who assessed claimant with moderately severe osteoarthritis and hypertension, and recommended a cane for assistance with walking and an over-the-counter medication, Tylenol arthritis pain formula, for claimant's pain. Dr. Davis did not assess any functional limitations.

## Analysis

Plaintiff makes the following claims in this appeal: (1) the ALJ's assessment of plaintiff's Residual Functional Capacity is not supported by substantial evidence and violates S.S. Ruling 96-8p, and (2) the ALJ failed to issue a credibility finding that complied with Eleventh Circuit precedent and S.S. Ruling 96-7p. The court will address

each of claimant's arguments in turn.

      1. <u>ALJ's assessment of plaintiff's Residual Functional Capacity</u>

Claimant first alleges that pain from various physical conditions limits his ability to perform most job functions. The ALJ, relying in significant part on a Consultive Examination by Dr. Colley shortly after claimant filed his disability and SSI claims, found that claimant was restricted due to his condition from performing his prior relevant work as a truck driver or farm worker. Dr. Colley found that "claimant [can] stand/walk 4-6 hours in an eight hour day taking breaks every 30-45 minutes. He [can] sit for about six hours taking routine breaks. He uses a self-prescribed[2] single-pointed cane. He [can] lift/carry 20 pounds occasionally and 10 pounds frequently. He ]can] frequently bend, occasionally stoop, and occasionally partially crouch. He should not kneel or crawl. He [can] climb a short flight of steps. He [can] pull 20 pounds of pressure occasionally and 10 pounds frequently. There are no manipulative limitations and he communicate[s] effectively." The ALJ appears to have adopted these findings. There is no other medical evidence in the record which indicates a different or greater limitation.[3] As discussed below, the ALJ's credibility determination concerning claimant's self-reported symptoms and resulting limitations is adequate. Further, the ALJ's determination of claimant's residual functional capacity is supported by substantial evidence in the record.

---

    [2] Plaintiff used the cane at the consultive examination in 2005. A physician in 2007 recommended the use of a cane.

    [3] Claimant's attorney argues that the doctor's recommendation of a cane in 2007 is indicative of a greater level of limitation than when Dr. Colley examined him in 2005. The court disagrees, and notes that, even if such a possible inference could be reasonably made from that limited evidence, the ALJ's decision need only be supported by substantial evidence.

The ALJ had a Vocational Expert ("VE") at the hearing, and questioned him about the existence of jobs based on the claimant's residual functional capacity and such other factors as his age and education. The VE found that there were several jobs available in adequate numbers in the economy. Based on this finding, the ALJ's determination that claimant was not disabled is proper and is supported by substantial evidence.

2. <u>ALJ's compliance with Eleventh Circuit precedent and S.S. Ruling 96-7p.</u>

Claimant next argues that the ALJ failed to issue a credibility finding that complied with Eleventh Circuit precedent and S.S. Ruling 96-7p. SSR 96-7p describes how the ALJ must consider evidence of subjective symptoms, such as pain, and the credibility of the claimant. Plaintiff challenges the ALJ's compliance with the test established in that ruling and used with stylistic modifications in the Eleventh Circuit. *See* <u>Foote v. Chater</u>, 67 F.3d 1553, 1560 (11th Cir. 1995).

> The Secretary must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. ... <u>Holt v. Sullivan</u>, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.
>
> > The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.
>
> 921 F.2d at 1223. A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.

Id. at 1560-61 (internal citations omitted).

The undersigned finds that the ALJ complied with applicable authority in addressing the claimant's reports of pain. Specifically, the ALJ found that an underlying medical condition existed which could be expected to cause some level of pain. However, the claimant presented very limited medical evidence, and that evidence did not give much support to claimant's complaints. The ALJ also considered, but ultimately rejected, plaintiff's testimony concerning his pain.[4]

In making his credibility determination, the ALJ also followed the procedures of SSR 96-7p. The ALJ looked at the lack of medical evidence, particularly the lack of evidence that claimant had sought medical care for his conditions or medication for his allegedly debilitating pain.[5] The Claimant testified that his pain was usually an 8 on a scale of 10, with occasional levels of 10; he stated that he could stand for fifteen to twenty minutes and could sit for no more than approximately 30 minutes at a time, and that he lay down for three to four hours every day. He said that he smoked half a pack of cigarettes and drank a pint of alcohol each day, but remained largely house-bound unless he went to his friend's house.

---

[4] When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

[5] The ALJ considered the possibility that claimant was unable to afford medical care, but ultimately rejected that notion based on claimant's own testimony that he afforded himself ½ a pack of cigarettes and a pint of alcohol on a daily basis.

However, claimant did not seek medical care for two years after he claimed to have become disabled, and sought little care thereafter. He did not seek or obtain pain medication or other treatment for the pain or the underlying conditions, other than the high blood pressure, and only occasionally took an over-the-counter pain reliever such as Tylenol for the discomfort.

> In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense and persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements. ... On the other hand, the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. However, the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

SSR 96-7p. Claimant presented no explanation at the hearing for his failure to pursue or follow medical treatment for pain; the ALJ was fully justified in discounting claimant's subjective recitation of his pain levels and sufficiently set forth his findings on that point. *See* Petteway v. Commissioner of Social Sec., 2009 WL 3838371. *2 (11th Cir. November 18, 2009) ("When a claimant testifies to subjective complaints of pain, the ALJ must clearly articulate adequate reasons for discrediting the claimant's allegations of disabling symptoms. In articulating his reasons, the ALJ need not specifically refer to every piece of evidence, so long as the decision 'is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered [the] medical

condition as a whole.'")(internal citations omitted).

## Conclusion

For the foregoing reasons, it is hereby ORDERED claimant's charges of error in the ALJ's decision are without merit, that the plaintiff's appeal is DENIED and that the decision of the Secretary is AFFIRMED.

DONE this the 21st day of January 2010.

    /s/   Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE